UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| LUIS MENDOZA, | * |
|     Plaintiff | * |
|     v. | *  Civil Case No. 8:23-cv-2703-AAQ |
| FILO CAFE, LLC, et. al | * |
|     Defendants | * |

**MEMORANDUM OPINION AND ORDER**

This is a case concerning Defendants Filo Cafe, LLC's and Lydia Ermitano's alleged failure to pay Plaintiff Luis Mendoza in accordance with state and federal wage laws. Pending before the Court is Plaintiff's Motion for Approval of the Parties' Settlement Agreement. ECF No. 20. The Motion has been briefed fully, and a hearing is not necessary under this Court's Local Rules. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons discussed below, the Motion is granted.

**BACKGROUND**

On October 5, 2023, Plaintiff Luis Mendoza filed a Complaint in this Court against Filo Cafe, LLC and its owner, Lydia Ermitano, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ECF No. 1, at 1. Plaintiff alleged in his Complaint that he worked at Filo Cafe from approximately November 16, 2022, through approximately August 20, 2023. *Id.* at ¶ 9. Plaintiff alleged that during his employment, he customarily worked six days per week for approximately fifty to sixty hours per week. *Id.* at ¶¶

1

12–13.  Defendants paid Plaintiff hourly at rates of $14.00–$15.00 per hour.  *Id.* at ¶¶ 14–15.  Plaintiff alleged that Defendants failed to pay him overtime wages for the time he worked in excess of forty hours per week and that Defendants failed to pay him any wages for his final week of employment from August 14, 2023, through August 20, 2023.  *Id.* at ¶¶ 19–21.  On December 21, 2023, Defendant Ermitano filed an Answer on behalf of herself.  ECF Nos. 6–7.  On January 29, 2024, both Defendants obtained counsel.  ECF No. 13.

On February 13, 2024, Plaintiff filed a Status Report informing the Court that the parties had reached an agreement to resolve the matter.  ECF No. 19.  On February 15, 2024, Plaintiff moved, with Defendants' consent, for approval of the parties' Settlement Agreement.  ECF No. 20.  The Agreement provides that Defendants will pay 1) $1,685.90 to Plaintiff in overtime wages; 2) $1,685.90 to Plaintiff in liquidated damages; 3) $4,900.00 in attorneys' fees; and 4) $647.63 in costs – for a total of $8,919.43.  *Id.* at 2.

## LEGAL STANDARD

"Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014).  The statute's provisions are, accordingly, "mandatory and, except in two narrow circumstances, . . . generally not subject to bargaining, waiver, or modification by contract or settlement."  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013).  The first exception allows the Secretary of Labor to "supervise the payment of back wages to employees[] who waive their rights to seek liquidated damages upon accepting the full amount of wages owed."  *Id.* (citing 29 U.S.C. § 216(c)).  The second exception allows a district court to "approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section

2

216(b), provided that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not addressed the standard for "deciding motions for approval of such settlements, [but] district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3. *Lynn's Food Stores* provides that FLSA settlements should be approved when they reflect "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." 679 F.2d at 1355. A *bona fide* dispute exists "if there are FLSA issues that are 'actually in dispute.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011)). If there is a *bona fide* dispute, then the court must confirm that the terms of the settlement agreement are fair and reasonable by weighing several factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of proceedings, including the complexity, expense[,] and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . .; and (6) the probability of [the] plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id.* (second alteration in original) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). "Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed . . . .'" *Id.* (quoting *Lane*, 2011 WL 3880427, at *3).

## ANALYSIS

### I.    *Bona Fide* Dispute

3

To decide whether a *bona fide* dispute between the parties exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408. In Plaintiff's Consent Motion, the parties state that the primary FLSA issue in dispute is whether "Plaintiff was entitled to overtime in the first place." ECF No. 20, at 3. A review of the pleadings confirms that Defendants deny that Plaintiff worked overtime hours, that they failed to pay Plaintiff overtime wages, and that they failed to pay Plaintiff for his final week of work. ECF No. 6, ¶¶ 13–21; ECF No. 1, ¶¶ 13–21. Courts in this Circuit generally agree that "[a] *bona fide* dispute exists when an employee makes a claim that he or she is entitled to overtime payment." *Lomascolo*, 2009 WL 3094955, at *16. *See also*, *e.g.*, *Rossi v. Circle Treatment Ctr., P.C.*, No. 14-3803-GJH, 2015 WL 1815501, at *2 (D. Md. Apr. 17, 2015) (finding a *bona fide* dispute where the parties disagreed over whether the defendant owed the plaintiff overtime wages); *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *2 (D. Md. Oct. 27, 2016) (same); *Anthony v. Crestview Wine & Spirits, LLC*, 2019 WL 4673403, at *2 (D. Md. Sept. 24, 2019) (finding a *bona fide* dispute where the plaintiff alleged they were entitled to overtime and the defendant denied the allegations in their answer). Because the parties here disagree as to whether Defendants owe Plaintiff any overtime wages, there is a *bona fide* dispute in this case.

## II. Fairness & Reasonableness

Upon review of the parties' submissions and consideration of the six factors set forth in *Lomascolo*, the Agreement is a fair and reasonable compromise of the disputed issues.

### A. Extent of Discovery

The parties have submitted that they exchanged sufficient discovery to evaluate "the merits of their respective cases." ECF No. 20, at 3. The parties' Motion for Approval of the Settlement

Agreement explains that Defendants' counsel provided records to Plaintiff's counsel that allowed Plaintiff to "calculate the exact amount of overtime wages that Plaintiff was owed." *Id.* at 1. The parties indicate they have sufficient information to make informed, intelligent decisions. *See Wade v. CBH Health, LLC*, No. PX-20-3573, 2021 WL 8269082, at *3 (D. Md. Oct. 15, 2021) (finding there was sufficient discovery where the parties exchanged enough information for each party to make an intelligent decision). While the parties did not conduct formal discovery in this case, "avoiding formal discovery [can make] resources that otherwise would have been consumed by the litigation . . . available for settlement . . . ." *Fernandez v. Wash. Hosp. Servs., LLC*, No. 23-cv-839-AAQ, 2023 WL 4627422, at *3 (D. Md. July 19, 2023) (quoting *Duprey*, 30 F. Supp. 3d at 409)) (finding that disclosure of records regarding hours worked and wages paid was sufficient to support the fairness of the settlement agreement). Accordingly, the Court is satisfied that there has been a sufficient exchange of relevant information to make the Settlement Agreement fair and reasonable.

### B. Stage of the Proceedings

With respect to the stage of the proceedings, the parties contend that "this is a fact-intensive case in which a trial would be necessary" and that any further litigation would be financially challenging for Defendants. ECF No. 20, at 3. Settlement agreements are often reasonable when they allow parties to avoid the costs of continued litigation. *See Saman*, 2013 WL 2949047, at *4 (finding the parties' representation that the settlement would allow them "to avoid the costs of formal discovery, dispositive motions, and possible trial" supported approval of the settlement agreement). This settlement comes in the preliminary stages of the litigation. The Court agrees that, given that the Settlement Agreement will provide Plaintiff with all of his claimed damages, the expenses of continued litigation would yield diminishing returns. *See Wade*, 2021 WL

8269082, at *3 (finding that "continued litigation could be expensive to the point of diminishing returns").

### C. Absence of Fraud or Collusion

Next, there is no evidence that the Settlement Agreement is the product of fraud or collusion. The parties assert in their Motion that "there was no fraud or collusion in reaching the settlement," and to the contrary, their settlement discussions were adversarial. ECF No. 20, at 3. Where a settlement agreement is "the product of vigorous representation and negotiations by counsel," as was the case here, this factor supports the reasonableness of an agreement. *Saman*, 2013 WL 2949047, at *5. Because "there is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary," *id.* (quoting *Lomascolo*, 2009 WL 3094955, at *12), the Court is satisfied that the Settlement Agreement is the result of the parties' negotiations and not of fraud or collusion.

### D. Experience of Plaintiff's Counsel

Where counsel is experienced in the subject matter of the litigation, "courts presume that clients have been appropriately advised on the merits and challenges associated with settlement." *Fernandez*, 2023 WL 4627422, at *3. The law firm DC Wage Law represents Plaintiff in this matter. *See* ECF No. 20, at 6. In the Motion, Plaintiff asserts that his counsel is "experienced in representing clients in similar matters," and "has litigated hundreds of similar matters in Maryland and the District of Columbia." *Id.* at 4. Plaintiff's counsel certified that two attorneys worked on this case: Justin Zelikovitz, who has been barred for fifteen years; and Jonathan Tucker, who has been barred for fourteen years. *Id.* at 5. Accordingly, the Court is satisfied that Plaintiff's counsel is sufficiently experienced in litigating FLSA matters. *See, e.g., Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021) (finding

counsel who had "brought and resolved hundreds of wage and hour cases" to be sufficiently experienced for approval of the settlement); *Wade*, 2021 WL 8269082, at *4 (finding counsel with fifteen years of experience as an attorney sufficiently qualified for approval of the settlement agreement).

### E.  Opinions of Counsel

With respect to the opinions of counsel, Plaintiff's counsel asserts that "the settlement agreement represents a fair and reasonable compromise of the disputes between the parties." ECF No. 20, at 4.  "Counsels' opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement." *Hunt v. Constantine Com. Constr., Inc.*, No. 20-cv-1846-AAQ, 2023 WL 5003137, at *4 (D. Md. Aug. 4, 2023) ("*Hunt*").  Here, counsel asserts that this Settlement Agreement is advantageous for both parties because it avoids the costs of continued litigation.  ECF No. 20, at 4, 6.  Accordingly, counsel's opinions weigh in favor of approval of the Settlement Agreement.

### F.  Probability of Plaintiff's Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery

According to the Motion, Plaintiff asserts that his maximum potential recovery in this case would be $3,371.80, which consists of exactly what Plaintiff is owed in overtime wages plus the maximum amount of liquidated damages allowable under the FLSA.  ECF No. 20, at 2–3.  Where a plaintiff recovers through a settlement agreement the maximum amount they could have recovered through continued litigation, the relationship between the amount of the settlement and the potential recovery supports the fairness and reasonableness of the settlement.  *See Anthony*, 2019 WL 4673403, at *4 (approving the settlement agreement where the plaintiff would recover, through the agreement, all of their unpaid wages plus an equal amount in liquidated damages such that the plaintiff "could not have recovered more at trial"); *Fernandez*, 2023 WL 4627422, at *4

(approving settlement agreement that allowed the plaintiff to recover "at least 100% of her unpaid wages and the maximum amount of liquidated damages [available] under the FLSA" (alteration in original)). Because this Settlement Agreement allows Plaintiff to recover all of his unpaid wages plus the maximum amount of liquidated damages, Plaintiff would only risk recovering less if this case had gone to trial. Plaintiff acknowledges this risk in the Consent Motion. ECF No. 20, at 4. This factor accordingly weighs in favor of the fairness and reasonableness of the Settlement Agreement.

Upon consideration of the above factors, the Court finds the Settlement Agreement to be fair and reasonable.

### G. Attorneys' Fees

Finally, the Court must also assess for reasonableness the Settlement Agreement's provisions regarding the payment of attorneys' fees and costs. *Saman*, 2013 WL 2949047, at *6. The parties here have agreed that Defendants will pay, separate from their payment to Plaintiff, $4,900.00 in fees and $647.63 in costs to Plaintiff's counsel. ECF No. 20, at 4.

Any award of attorneys' fees turns "on application of the traditional lodestar methodology factors." *Saman*, 2013 WL 2949047, at *6. Under the lodestar methodology, the Court "multiplies 'the number of hours reasonably expended . . . by a reasonable hourly rate' to achieve 'an objective basis on which to make an initial estimate of the value of a lawyer's services.'" *Quevedo v. HBJ, Inc.*, No. PWG-14-734, 2014 WL 3970173, at *5 (D. Md. Aug. 13, 2014) (alteration in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). In determining the reasonableness of the billing rates

and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6–7 (citing *Barber v. Kimbrell's Inc.*, 557 F.2d 216, 226 n. 28 (4th Cir. 1978)).  This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules (D. Md. Jul. 2023).  When seeking judicial approval of "an attorney's fee provision in an FLSA settlement agreement, the parties 'are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including . . . declarations establishing the hours expended by counsel, broken down for each task performed.'" *Grimes v. Hudson Health Servs. Inc.*, No. MJM-22-2743, 2023 WL 3740554, at *4 (D. Md. May 31, 2023) (quoting *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 368 (D. Md. 2016)).

Plaintiff's counsel certifies in the Consent Motion that two lawyers, Mr. Zelikovitz and Mr. Tucker, spent approximately 10.7 hours on this case, for which they charged a rate of $415.00 per hour.  ECF No. 20, at 5.  Mr. Zelikovitz and Mr. Tucker have, respectively, been admitted to the bar for fifteen and fourteen years.  *Id.*  The Motion also certifies that Plaintiff's counsel's firm expended approximately 7.1 hours of paralegal and support staff hours on this case, for which they charged $150.00 per hour.  *Id.*  Plaintiff's counsel avers that "[t]hese rates are consistent with the

9

guidelines in Appendix B to the local rules, and they are far, far below the prevailing rates for similar work in Washington, D.C. . . . ." *Id.* Appendix B to the Local Rules provides that a reasonable hourly rate for lawyers who have been admitted to the bar for nine to fourteen years is $225–350, a reasonable hourly rate for lawyers who have been admitted to the bar for fifteen to nineteen years is $275–425, and a reasonable hourly rate for paralegals is $95–150 (D. Md. 2023). Accordingly, the hourly rates charged for Mr. Zelikovitz's work and the paralegal's work fall within the rates prescribed by Appendix B, but the rate charged for Mr. Tucker's work exceeds the amount prescribed by Appendix B. Nonetheless, the total fee is reasonable given that counsel reduced the fees they seek by approximately 10% of the actual billed amount. *See* ECF No. 20, at 5 (billing rate calculations equaling approximately $5,505.50 but seeking recovery of only $4,900 in fees). *See also Leon v. Alvarez*, No. CBD-16-0416, 2017 WL 4236813, at *5 (D. Md. Sept. 25, 2017) (finding a lodestar amount reasonable even where some hourly fees exceeded the amounts allowed by Appendix B where counsel made other reduction to the fees sought); *Hunt*, 2023 WL 5003137, at *6 (approving an upward departure from the Appendix B rates that "resulted in a relatively small increase compared to the total fee award").

The Motion provides little information about what tasks counsel expended these hours on. Plaintiff's counsel certified their hourly rates and the amount of time spent on this litigation but did not provide a detailed time log of the tasks they completed, as required by the Local Rules. *Anthony*, 2019 WL 4673403, at *5 ("the Local Rules requir[e] that submissions supporting the hours billed are to be divided into general categories corresponding with various stages of litigation"). Nonetheless, this Court has approved FLSA settlement agreements where counsel's submission did not fully comply with the Local Rules. *See id.*; *Hunt*, 2023 WL 5003137, at *6 (accepting counsel's representation of the hours expended as reported in the Motion). This Court

has also found greater time expenditures to be reasonable in FLSA cases that settled at similar stages of litigation. *See*, *e.g.*, *Fernandez*, 2023 WL 4627422, at *5 (finding that thirty-five hours was a reasonable amount of time to spend "conduct[ing] the requisite[] pre-filing case investigation, draft[ing] the complaint, effect[ing] service on the Defendant, review[ing] time and other records, calculate[ing] damages, negotiat[ing] the terms of the settlement agreement, and prepar[ing] and fil[ing] the joint motion for approval").

The parties also request reimbursement of $647.63 in costs, consisting of $402.00 in filing fees and $245.63 in service costs. ECF No. 20, at 5. These are recoverable costs in FLSA settlement agreements. *See*, *e.g.*, *Hunt*, 2023 WL 5003137, at *6 (awarding costs for filing and service). Altogether, the Court finds that the Settlement Agreement awards reasonable attorneys' fees and costs.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the parties' Consent Motion for Approval of the Settlement Agreement, and this case shall be DISMISSED with prejudice.

So ordered.

Date: March 5, 2024                              _____/s/_____
                                                 Ajmel A. Quereshi
                                                 U.S. Magistrate Judge